Davor Rukavina, Esq.
Texas Bar No. 24030781
J. Kyle Jaksa, Esq.
Texas Bar No. 24120923
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 4000
Dallas, TX 75201
Telephone:  (214) 855-7500
E-mail:      drukavina@munsch.com
             kjaksa@munsch.com

PROPOSED COUNSEL TO THE
DEBTORS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FCI SAND OPERATIONS, LLC, *et al.*, | § | Case No. 25-80481-mvl-11 |
| | § | |
| Debtors.[1] | § | Joint Administration Requested |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FCI South, LLC, | § | Case No. 25-32838-swe-11 |
| | § | |
| Debtor. | § | Joint Administration Requested |
| | § | |

**DEBTORS' EMERGENCY MOTION FOR JOINT ADMINISTRATION**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 1:30 P.M. (CT) ON AUGUST 1, 2025.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HYBRID HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 1, 2025 AT 1:30 P.M. (CT) IN COURTROOM 1424, FLOOR 14, 1100 COMMERCE ST.,**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: FCI Sand Operations, LLC (2539) and FCI South, LLC (4193) (the "Debtors"). The location of the Debtors' service address is 606 County Rd. 121, Marble Falls, TX 78654.

**DALLAS, TEXAS 75242. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1.650.479.3207 ACCESS CODE: 2301-476-1957. VIDEO COMMUNICATION WILL BE BY THE USE OF CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE LARSON'S HOME PAGE. THE MEETING CODE IS 2301-476-1957. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LARSON'S HOME PAGE OR BELOW. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**ELECTRONIC APPEARANCES | NORTHERN DISTRICT OF TEXAS | UNITED STATES BANKRUPTCY COURT**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COME NOW FCI Sand Operations, LLC ("FCI Sand") and FCI South, LLC ("FCI South," and together, the "Debtors"), the debtors-in-possession in the above styled and numbered bankruptcy cases (the "Bankruptcy Cases"), and file this their *Emergency Motion for Joint Administration* (the "Motion"), respectfully stating as follows:

## I.      RELIEF REQUESTED

1.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto (the "Proposed Order") (a) directing procedural consolidation and joint administration of these chapter 11 cases, and (b) granting related relief.  Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case of FCI Sand Operations, LLC and that the cases be administered under a consolidated caption, as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FCI SAND OPERATIONS, LLC, *et al.*, | § | Case No. 25-80481-mvl-11 |
| | § | |
| Debtors. [1] | § | Jointly Administered |

2.      The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3.      The Debtors propose to consolidate mailing lists in each of the Bankruptcy Cases into one master list and request the Court's approval of the same.  The Debtors also request the Clerk of this Court make separate docket entries in each of the above-captioned Bankruptcy Cases, except the jointly administered case, substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedures directing joint administration for procedural purposes of the chapter 11 cases of each of the following: The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: FCI Sand Operations, LLC (2539) and FCI South, LLC (4193). The location of the Debtors' service address is 606 County, Rd. 121, Marble Falls, TX 78654. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-80481**.

## II.      <u>JURISDICTION & VENUE</u>

4.      The United States Bankruptcy Court for the Northern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2), a matter that arises exclusively under the provisions

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: FCI Sand Operations, LLC (2539) and FCI South, LLC (4193) (the "<u>Debtors</u>").  The location of the Debtors' service address is 606 County Rd. 121, Marble Falls, TX 78654.

of the United States Code, Title 11 §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), and as to which the Court accordingly has the power consistent with the United States Constitution to enter a final order. The Debtors expressly consent to such a final disposition by this Court. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

5.     The bases for the relief requested herein is section 105(a) of the Bankruptcy Code, rules 1005, 1015, and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 1015-1 of the Local Bankruptcy Rules of the U.S. Bankruptcy Court for the Northern District of Texas (the "Local Rules"), and Section B.8(k) of the Procedures for Complex Cases in the Northern District of Texas (the "Complex Case Procedures").

### III.     BACKGROUND

6.     On July 30, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division to be jointly administered. The Debtors continue to operate their business and to manage their estates as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No committee, trustee, or examiner has been appointed.

7.     Together, the Debtors own and run several sand mines and production plants for high quality (98% quartz) sand used primarily in hydraulic fracking in the Eagle Ford Shale. Because of the high quality of their sand and proximity to drilling operations, the Debtors' customers include major drilling and E&P companies, including Halliburton, Conoco, EOG, BPX, BJ Energy. FCI Sand owns 187 acres and leases 1,450 acres, from which it mines and processes its sand at two plants. FCI South owns 32 acres and a processing plant, at which it processes sand purchased from third parties or mined from FCI Sand. Thus, the Debtors own three sand

processing plants.  The second plant at FCI Sand, which will greatly increase capacity, was just completed and is about to come on line.  However, while it was being built, production necessarily greatly diminished, leading to a substantial loss in revenue.  Then, as the plant was coming on line, the Debtors' customers significantly reduced their orders due to a slowdown in drilling (which has since passed).  Combined, these developments led to a liquidity crisis.

8.    The Debtors' senior secured lender is FCI-SLG, LLC (the "Lender"), who represents various participants owed approximately $26 million.  To address its liquidity crisis and keep the Lender current, the Debtors sold certain equity interests to raise funds.  However, the Lender recently informed the Debtors that this would not be permitted and constituted alleged loan defaults.  This left the Debtors without any means to raise funds, and the Lender in the process of exercising its remedies.  The Debtors were also forced to factor their receivables, at great expense, thus furthering their liquidity issues.  In addition to interest at 15%, the Lender claims a right to be repaid 125% of its interest at the maturity of its debt.  For these and other reasons, the Debtors are reviewing potential claims and causes of action they may have against the Lender.

9.    The Debtors' customers are drilling again and they have issued extensive purchase orders to the Debtors.  However, the Debtors are still left without liquidity and without means to fund their operations which, if operations cease, the Debtors' business is seriously jeopardized. The Debtors therefore filed their Bankruptcy Cases to preserve value, to enable them to raise new capital, and to benefit all of their constituents.

## IV.    BASIS FOR RELIEF REQUESTED

10.    In pertinent part, rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that the Court may order joint administration of bankruptcy estates if "two or more petitions are pending in the same court by a . . . a debtor and an affiliate."  FED. R.

BANKR. P. 1015(b).  The Bankruptcy Code defines the term "affiliate" as, among other things, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." 11 U.S.C. § 101(2)(B).  Here, FCI Sand Operations, LLC and FCI South, LLC are affiliates under the Bankruptcy Code.  FCI South is a limited liability company wholly owned by FCI Sand and, as such, FCI Sand solely controls FCI South whether as member, manager, or otherwise.   As such, the Debtors are under common management and share substantially identical owners.

11.     Joint administration of these Bankruptcy Cases for procedural purposes only will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these Bankruptcy Cases will affect all of the Debtors.  Joint administration of the Debtors' Bankruptcy Cases is also warranted because the Debtors share many of the same parties-in-interest, each of whom will participate in the Bankruptcy Cases.  Accordingly, cause exists for the joint administration of the Bankruptcy Cases, for procedural purposes only, under Bankruptcy Rule 1015(b).  Joint administration of procedural purposes of these Bankruptcy Cases will promote both procedural and administrative efficiency and reduce administrative expense to the Estates by:

    a.  Obviating the need for the Debtors to file duplicative motions and applications and for the Court to enter duplicative orders in each of these Bankruptcy Cases;

    b.  Minimizing the burdens on witnesses and all parties-in-interest by sparing them from participating in identical hearings in separate cases;

    c.  Avoiding the burdensome necessity of duplicating notices;

d.  Simplifying supervision of the administrative aspects of these Bankruptcy Cases by the Office of the United States Trustee for the Northern District of Texas; and

e.  Minimizing the fees and expenses associated with the proposed engagement of Munsch Hardt Kopf & Harr, P.C. as counsel for the Debtors by minimizing expense caused by duplication related to filing, copying, and service of pleadings.

12.     Joint administration will not affect the rights of any creditor or party-in-interest because the Debtors request joint administration for procedural purposes only.  Notwithstanding joint administration, each creditor will be entitled to file a proof of claim against a particular Estate. Case-specific information required in section 342(c) of the Bankruptcy Code will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request, and the proposed joint case caption; and this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as made applicable to the Bankruptcy Cases.

13.     Pursuant to Bankruptcy Rule 1015(c), the Debtors request to consolidate mailing lists in each of the Bankruptcy Cases into one master list, and request the Court's approval of the same.  Accordingly, the Debtors submit that the policies behind the requirements of Bankruptcy Code section 342(c) and Bankruptcy Rules 1005, 1015, and 2002(n) have been satisfied.  Given the integrated nature of the Debtors' operations, and overlap of assets and liabilities, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.

## V.     <u>EMERGENCY CONSIDERATION</u>

14.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers the Court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and

irreparable harm." An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations and any delay in granting the relief requested could hinder their operations and cause irreparable harm. The failure to receive the requested relief during the first 21 days of these chapter 11 cases could severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring.

## VI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request that the Court enter an order: (i) providing for the joint administration of the Bankruptcy Cases; (ii) consolidating the mailing lists in each of the Bankruptcy Cases for future noticing requirements; (iii) ordering that all documents (except proofs of claim) to be filed in each of the Bankruptcy Cases be filed in the jointly administered case styled *In re FCI Sand Operations, LLC, et al.*, Case No. 25-80481-mvl-11 (Jointly Administered), regardless of whether such filing affects one or more of the Debtors; (iv) ordering that creditors continue to file proofs of claim against the Debtors in the Debtor's respective individual Bankruptcy Cases, notwithstanding joint administration, and that schedules and statements of financial affairs are to be filed in the individual Bankruptcy Cases; and (v) granting the Debtors such other and further relief to which they may show themselves to be justly entitled.

RESPECTFULLY SUBMITTED this 31st day of July, 2025.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Kyle Jaksa*
  Davor Rukavina, Esq.
  Texas Bar No. 24030781
  J. Kyle Jaksa, Esq.
  Texas Bar No. 24120923
  500 N. Akard St., Ste. 4000
  Dallas, TX 75201
  Telephone: (214) 855-7500
  E-mail: drukavina@munsch.com
  E-mail: kjaksa@munsch.com

**PROPOSED COUNSEL TO THE DEBTORS**

**<u>CERTIFICATE OF SERVICE</u>**

An omnibus Certificate of Service concerning all "first day" motions shall be separately filed by the Debtor, which shall reflect service of this Motion.

By: */s/ Kyle Jaksa*
  J. Kyle Jaksa, Esq.